FILED

**NOT FOR PUBLICATION**

NOV 26 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACINTO JUAN CARHUAZ RODRIGUEZ, | No. 07-74048 |
| Petitioner, | Agency No. A099-340-903 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Jacinto Juan Carhuaz Rodriguez, a native and citizen of Peru, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and withholding of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of law and for substantial evidence factual findings. *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008).  We dismiss in part and deny in part the petition for review.

Carhuaz Rodriguez challenges the agency's determination that he failed to establish extraordinary circumstances excusing his untimely filed asylum application on the basis of Dr. LoRé's evidence and his own testimony.  We lack jurisdiction to review his contentions regarding the IJ's analysis of Dr. LoRé's evidence because the agency's finding was based on disputed facts regarding Carhuaz Rodriguez's mental condition, *see* 8 U.S.C. § 1158(a)(3); *cf. Husyev*, 528 F.3d at 1178-81 (exercising jurisdiction to consider one-year bar where facts were undisputed), and because Carhuaz Rodriguez failed to raise his contentions regarding confrontation and recall problems to the BIA, *see Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no jurisdiction over claims not presented below).  Further, Carhuaz Rodriguez's testimony does not otherwise compel the conclusion that he established extraordinary circumstances excusing his late filing. *See* 8 C.F.R. § 1208.4(a)(5).  Accordingly, we dismiss in part and deny in part as to Carhuaz Rodriguez's asylum claim.

07-74048

With respect to withholding of removal, the BIA denied relief in part because Carhuaz Rodriguez failed to establish a likelihood of harm in the future. Substantial evidence supports this determination. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1095-96 (9th Cir. 2002). Accordingly, Carhuaz Rodriguez's withholding of removal claim fails.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**